CLARENCE H. GEIST v. MARIA LAWRENCE WETHERILL, *et al.*

161 So. 377.
Division B.
Opinion Filed May 2, 1935.
Rehearing Denied June 3, 1935.

*Baker & White,* for Appellant;

*J. W. Salisbury* and *John Zeigler,* for Appellees.

PER CURIAM.—In this case the appeal is from final decree in favor of the defendants in a suit in chancery wherein it was sought by the complainant to have certain property described in the bill of complaint decreed to be the property of the defendant, Maria Lawrence Wetherill; that the defendant, Salisbury, be decreed to hold the legal title to said lands in trust for the defendant, Wetherill, and that he be ordered and decreed to convey the said lands and premises to the defendant, Maria Lawrence Wetherill, and that the said lands and premises be decreed to be subject to the lien of the plaintiff's judgment, mentioned and described herein; and that the plaintiff's judgment may be decreed to be a lien upon the said lands and premises superior to and with priority over any lien, claim or encumbrance thereon which the defendants, FRANK A. BRYAN, J. W. SALISBURY and/or J. H. LESSER, have, or may claim to have, and also superior to and with priority over any lien, claim or encumbrance which the defendant, HUGH DILLMAN, has, or may claim to have; that the said lands and premises may be decreed to be sold pursuant to the said Writ of Execution, free, clear and discharged of and from the said fraudulent conveyances, and any claim of the defendants, LESSER, BRYAN, SALISBURY and/or DILLMAN, and that the proceeds of such sale, or so much thereof as shall be necessary, may be applied to the payment and discharge of plaintiff's said judgment.

The judgment referred to in the prayer was a judgment obtained against a mortgagor after the execution of a mortgage which mortgage was foreclosed after the rendition of the judgment. In the foreclosure suit the judgment creditor was made a party and the property described in the

mortgage and referred to in the prayer was sold at fore-closure sale by the master therein duly appointed and the sale confirmed. Salisbury was purchaser at the sale, but he purchased the property, as is shown by the record, with money furnished by defendant, Dillman. The master's deed was made to Salisbury. Afterwards Salisbury executed and delivered to Dillman a mortgage securing three notes aggregating the amount of the purchase price.

It is the theory of the bill of complaint that the purchase of the property at the foreclosure sale was in effect the payment of the mortgage by the mortgagor with money furnished for that purpose by Dillman.

The defendants contend that the purchase by Salisbury was for the use and benefit of Dillman and without any obligation on the part of the mortgagor to repay that sum and without the mortgagor having any right, title or interest left in the property.

It is the contention of the complainant that to defeat the complainant's right to prior lien on the property it is necessary for Dillman to show that he was subrogated to the rights of the mortgagee foreclosing the mortgage under which the sale was made. Whether or not the question of subrogation is involved depends first upon whether or not the evidence shows that the mortgagor acquired any right, title or interest in the property at the foreclosure sale and whether or not the money furnished for the purchase price at the foreclosure sale by Dillman was furnished under any agreement with the mortgagor that she should have the right to redeem and that the purchase was made with Dillman's money for the benefit of the mortgagor.

While it is true that some inference might be drawn from facts which were testified to by witnesses that there may have been some sort of agreement between Dillman and

the mortgagor by which she could redeem, the direct testimony of the mortgagor of Dillman and of Salisbury, the attorney who handled the transaction for Dillman, is positive to the effect that the mortgagor had no interest whatever in the purchase of the property at the foreclosure sale and by such purchase acquired no interest of any kind in and to the property. The Chancellor was warranted in believing this testimony, and, if this be true, then there is no basis for the complainant's claim.

We can find nothing in the record which warrants us in saying that the Chancellor was clearly wrong in deciding the case in accordance with the great preponderance of the positive testimony of the witnesses.

Therefore, the decree should be, and is hereby, affirmed. So ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.